UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARTHUR L. BROWN,

                         Petitioner,

-against-

WARDEN KISA SMALLS; THE PEOPLE
OF THE STATE OF NEW YORK,

                         Respondents.

19-CV-7685 (CM)

ORDER OF DISMISSAL

COLLEEN MCMAHON, Chief United States District Judge:

Petitioner, currently incarcerated in the Anna M. Kross Center ("AMKC") on Rikers Island, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. By order dated October 7, 2019, the Court granted Petitioner's request to proceed *in forma pauperis*. The Court denies the petition for the reasons set forth below.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from

compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner, a pretrial detainee at AMKC, alleges that he is "currently being warehoused in slavery against [his] own will under the false pretense of being a detained INMATE." (ECF No. 2, at 1) (capitalization in original.) He claims that Respondents have "forced [him] into slavery for profit . . . and through fraudulent concealment of the cause jurisdiction." (*Id.* at 6.) He further states that he is "not the person know[n] as BROWN, ARTHUR, [he is] not a substance for which rights are duties are its attributes, [he is] not artificial, [and] was not created by governing [a]uthorities to be ruled over as a subject." (*Id.* at 7.) Petitioner is "of [n]atural birth" and possesses "absolute sovereignty and free will" over himself. (*Id.*) He has "never conveyed any rights, titles, or interest" in himself and "never pledged [himself] as collateral or as a security for any [d]uty, [d]uties, [d]ebts, or [o]bligations." (*Id.*)

Petitioner further claims that "[t]he debt collector, [p]rosecutor, and all the [a]ttorneys the debt collector has attempted to use, as a proxy, to usurp competent jurisdiction, have worked in collusion to fraudulently conceal the jurisdiction in which the cause of action arises."[1] (*Id.*) Finally, Petitioner claims that he has "been ordered held in slavery under color of state law for profit without bring duly convicted." (*Id.* at 8.) He seeks to be "release[d] . . . from slavery" and asks the Court to "bar this fraud prosecution." (*Id.*)

On July 9, 2019, Petitioner filed an almost identical petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. On August 19, 2019, the Court denied the petition. *See Brown v.*

---

[1] Petitioner appears to refer to the judge in his criminal case as "the debt collector." (*See, e.g.*, ECF No. 2, at 2.)

2

*Dunbar*, ECF 1:19-CV-6421, 5. The Court based its ruling on the Supreme Court's rule in *Younger v. Harris*, 401 U.S. 37 (1971), that "a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment or irreparable injury that is both serious and immediate." *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973). The Court noted that Petitioner did not assert any facts suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. Nor did he state any facts suggesting that the state forum is in any way inadequate to challenge the constitutionality of his prosecution. *Brown*, ECF 1:19-CV-6421, 5, at 3.

Petitioner filed this petition by placing it in the prison mail system on August 10, 2019, nine days before the Court issued its order denying his petition in 19-CV-6421.

According to public records from the New York State Unified Court System, Petitioner's criminal case is ongoing and his next appearance is on November 25, 2019, in the Trial Assignment Part. *See People v. Brown*, No. 05595-2016 (N.Y. Sup. Ct., Kings Cnty.).

## DISCUSSION

The reasoning in the Court's decision denying the petition in 19-CV-6421 applies to this action. Under *Younger*, this Court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Heicklen v. Morgenthau*, 378 F. App'x 1, 2 (2d Cir. 2010) (quoting *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973)). Petitioner does not assert any facts suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. Nor does he state any facts suggesting that the state forum is in any way inadequate to challenge the constitutionality of his prosecution. Rather, he broadly claims, without any support, that his detention and prosecution is without authority. If Petitioner believes that the state court does not have jurisdiction to prosecute him, he is free to raise that claim in the state courts. But this Court

3

has no authority over his state criminal proceeding, and because Petitioner fails to show that specific circumstances require that this Court intervene, the Court declines to do so.

Furthermore, under the abuse-of-the-writ doctrine, a court has discretion to deny a § 2241 petition for a writ of *habeas corpus* that is premised on mere "repetition of a previously asserted claim." *Esposito v. Ashcroft*, 392 F.3d 549, 550 (2d Cir. 2004) (per curium) ("Under the common law 'abuse of the writ' doctrine, a court need not entertain a petition that abuses the habeas process. One frequently recognized indicator of abusiveness is whether the petitioner could have asserted his present claims in his prior petition"); *see also Williams v. United States*, No. 02-CV-5324, 2002 WL 31496225, at *1 (S.D.N.Y. Nov. 8, 2002) (noting that while "the usual principles of *res judicata* are inapplicable" in *habeas* proceedings, the Court may decline to reconsider on the merits a "successive petition raising precisely the same claim previously rejected unless the interests of justice so require."). This action is merely a "repetition of a previously asserted claim," and the Court need not consider it.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Petitioner, and note service on the docket. The petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2241, is denied.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: October 30, 2019
       New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge